

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 26, 1957

Honorable Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Opinion No. WW-243

Re: Whether the Commissioners'
Court of Guadalupe County
can sell government bonds
belonging to the permanent
school fund of said county
at a discount and related
questions.

Dear Mr. Pape:

Your request for an opinion, dated June 28, 1957, propounds the following questions for our consideration:

"1. Can the Commissioners' Court of Guadalupe County sell certain government bonds at a discount and other bonds belonging to the Permanent School Fund of Guadalupe County and immediately purchase from a bank, as an inter-related transaction, certain bonds of the Navarro Rural High School District at a discount of a certain amount so that the County Permanent School Fund will not be lowered?

"2. Does the purchase of rural high school bonds by the County Permanent School Fund come within the purview of Article 2824, V.C.S.?"

With respect to lands granted the various counties for educational purposes. Section 6, Article VII, of the Constitution, provides, in part, that:

"Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; the interest thereon, and other revenue, except the principal shall be available fund."

Article 2824 of the Revised Civil Statutes, authorizes the investment of such proceeds in other bonds not theretofore authorized.  The additional authorization under this Article includes bonds of independent or common school districts.

The Commissioners' Court holds money belonging to the county permanent school fund in trust for public schools, and cannot abuse this discretion.  Delta County v. Blackburn, 100 Tex. 51. 93 S.W. 419 (1906).  The authority of the commissioners' court to sell investment securities held by the Permanent School Fund of the county at a price equal to or greater than the amount paid for the same has been recognized.  Attorney General's Opinion O-5944 (1944).  However, it was held by Attorney General's Opinion V-1089 (1950) that the Commissioners' Court could not cash Government bond school fund investments before maturity and reinvest in independent school district bonds having a lower interest rate.  We quote from the foregoing opinion as follows:

> "Under the facts submitted, the Commissioners' Court would sell United States Government bonds belonging to the permanent school fund of the county at a discount, thereby diminishing the permanent school fund.  It is our opinion that such a procedure would be in violation of Section 6 of Article VII of the Constitution of Texas.

> "If, on the other hand the government bonds in question are sold at not less than par, the Commissioners' Court would have authority under Article 2824 to invest the proceeds in bonds of independent school districts."  (Emphasis added).

Attorney General's Opinion O-5944 (1944) recognized the right of the Commissioners' Court to sell bonds at 85% of par value which were purchased at 62½% of par value.  But the opinion only recognized the authority of the Court to sell bonds belonging to the Permanent School Fund "at a price equal to or greater than the amount paid for the same."

Since the Constitution makes the Commissioners' Courts trustees of the Permanent School Fund of a county for the benefit of public schools, it was held in Delta County v. Blackburn, supra, that the Commissioners' Court could not reduce the interest rate on a note from seven percent to three percent.

The proposed transaction contemplates a sale of government bonds belonging to the Permanent School Fund of Guadalupe County at a discount.  It further contemplates, as a

second step in the over-all transaction, the purchase of bonds issued by the Navarro Rural High School District. We do not inquire into the ability of the Commissioners' Court to purchase bonds at such a rate of discount as to compensate for the loss incurred in the sale of the government bonds. Even though the proposed sale and purchase be interrelated from the standpoint of time, or otherwise, we think it clear and inescapable that one of the basic features of the proposal is the sale of government bonds belonging to the Permanent School Fund at a discount. This the Commissioners' Court is not authorized to do even though by subsequent investments, wisely and prudently made, it might be able to recoup the loss.

Your first question is accordingly answered in the negative. It is therefore unnecessary that we answer the second question.

## SUMMARY

The Commissioners' Court of Guadalupe County cannot sell certain government, and other bonds, belonging to the Permanent School Fund of said county for less than the purchase price thereof, and immediately purchase, as an interrelated transaction, certain bonds of the Navarro Rural High School District at a discount.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore

Leonard Passmore
Assistant

LP:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
C. K. Richards
Elbert Morrow
Howard Mays

REVIEWED FOR THE ATTORNEY GENERAL

BY:     Geo. P. Blackburn